IN THE UNITED STATES DISTRICT COURT FOR THE THIRD CIRCUIT

Edward J. Barr,                                          :
      plaintiff                                        :
    v.                                                  :
                                         :

Alexis L. Barbieri, in her individual capacity,          :
John C. Bear, in his individual capacity,                :
Lisa M. Boscola, in her individual capacity,             :
Tim Briggs, in his individual capacity,                  :
Beverly Brooks, in her individual capacity,              :
Michele Brooks, in her individual capacity,              :
Annie H. Cestra, in her individual capacity,             :
Jim Christiana, in his individual capacity,              :
Gary Day, in his individual capacity,                    :
Edwin B. Erickson, in his individual capacity,           :
Armand N. Ferra, in his individual capacity,             : (NO. *3:CV-12-132*
Jim Ferlo, in his individual capacity,                   :
John T. Galloway, in his individual capacity,            :
Marc J. Gergely, in his individual capacity,             :
Jaret Gibbons, in his individual capacity,               :
Keith Gillespie, in his individual capacity,             :
Neal P. Goodman, in his individual capacity,             :
John R. Gordner, in his individual capacity,             :
Stewart J. Greenleaf, in his individual capacity,        :
Julie Harhart, in her individual capacity,               :
Susan C. Helm, in her individual capacity,               :
David S. Hickernell, in his individual capacity,         :
Jeffrey J. Johnson, in his individual capacity,          :
Richard A Kasunic, in his individual capacity,           :
William C. Kortz II, in his individual capacity,         :
Nick Kotik, in his individual capacity,                  :
John Maher, in his individual capacity,                  :
Joseph J. McGettigan, in his individual capacity,        :
Basil L. Merenda, in his individual capacity,            :
T. Mark Mustio, in his individual capacity,              :
Donna Oberlander, in her individual capacity,            :
Cherelle L. Parker, in her individual capacity,          :
Tony J. Payton Jr., in his individual capacity,          :
Jeffrey E. Piccola, in his individual capacity,          :
Marguerite Quinn, in her individual capacity,            :
Harry Readshaw, in his individual capacity,              :
John C. Rafferty Jr., in his individual capacity,        :
Douglas G. Reichley, in his individual capacity,         :
Edward L. Rendall, in his individual capacity,           :
Joseph B. Scarnati III in his individual capacity        :
Mario M. Scavello, in his individual capacity,           :
Timothy J. Solobay, in his individual capacity,          :
John A. Sommer, in his individual capacity,              :

**FILED**
HARRISBURG, PA

JAN 2 4 2012

MARY E. D'ANDREA, CLERK
Per _____
           Deputy Clerk

```
Curtis G. Sonney, in his individual capacity,        :
Joseph Tarantino, Jr. in his individual capacity,    :
Robert M. Tomlinson, in his individual capacity,     :
Kim L. Ward, in her individual capacity,             :
Michael Weiss, in his individual capacity,           :
Mary Jo White, in her individual capacity,           :
John N. Wozniak, in his individual capacity          :
                                                     :
            DEFENDANTS                               :
```

## TABLE OF CONTENTS

TITLE PAGE ..................................................... 01

TABLE OF CONTENTS .............................................. 03

CERTIFICATE OF COMPLAINCE ...................................... 05

CITATIONS ................................................. 04, 05

CORPORATE STATEMENT ............................................ 05

ARGUMENT ................................................. 10, 28

ARGUMENT SUMMARY ............................................... 06

FOOTNOTES ................................................ 29, 30

INDEX PLAINTIFF EXHIBITS .................................. 30, 32

JURISDICTION ................................................... 06

INDEX, DEFENDANT(S) ............................. 06, 07, 08, 09, 10

INDEX, EXHIBITS INDEX ..................................... 24, 25

INDEX, PLAINTIFF(S) ............................................ 06

## TABLE OF CITATIONS

### CASE LAW

Albright v. Abington / 548 Pa. 268, 696 A.nd 1159 ............ 12, 16

Bell v. Burson, 402 U.S. 535 (1971) 402 U.S. 535 .......... 14, 21, 25

Brinkerhoff-Faris Trust & Savings Co. v. Hill, and Pennoyer v. Neff, 95 U.S. 714 (1878) ........................................... 15, 25

Cooper v. O'Conner, 99 F.2d 133 .................................. 23

Cotton Mills v. Administrator, 312 U.S., at 152 -156 ...... 14, 21, 25

Davis v. Wechler, 263 U.S. 22, 24 ................................ 25

Eldride v. Vaughn et al No 1195 M.D. 1996 ........................ 11

Forrester v. White, 484 U.S. at 227-229, 108 S. Ct. At 544-545 (1987) ................................................................ 24

Funk v H.S. Kerbaugh, Inc (1908) 222 Pa 18, 70 A 953 ............. 25

Goldberg v. Kelly, 397 U.S. 254 (1970) ................... 14, 21, 25

Hansberry v. Lee, 311 U.S. 32 (1940) ........................ 15, 25

Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1015 (1992) ...................................................... 13, 21

Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 435-40 (1982) ...................................................... 13, 21

Lynch v. Household Finance Corp., 405 U.S. 538 (1972) ... 13, 17, 20, 24

NAACP v. Alabama, 375 U.S. 449 .................................. 25

Olmstad v. United States, (1928) 277 U.S. 438 .................... 11

Penn Central Transportation Co. v. City of New York, 438 U.S. 104, 124 (1978) ........................................................ 13

Shelley v. Kramer 334 U.S. 1 (1948) ...................... 14, 21, 25
Sniadach v. Family Finance Corp., 395 U.S. 337 (1969) ..... 14, 21, 25

Standard Oil Co. v. Missouri, 224 U.S. 270, 281-282 (1912) .... 15, 25

Stromberg v. California, 283 U.S. 359 ............................ 25

United States v. Lanier (March 1997) ............................ 24

Westfall v.Erwin, 108 S. Ct. 580 (1987) ......................... 24

Wisconsin v. Constantineau, 400 U.S. 433 (1971) .......... 14, 21, 25

## US CONSTITUTION

U.S. Constitution, Amendment 5, .................. 05, 12, 17, 20, 23

U.S. Constitution, Amendment 14, Section I ........ 05, 13, 18, 21, 25

## US CODE

28 USC §1331 ..................................................... 06

28 USC §1343 ..................................................... 06

42 USC §1983 .....................................................

## PA CODE

PA Code, Section 401 amended Mar. 29, 1984, P.L.162,
No.32) ............................................... 11, 16, 19, 22

## CORPORATE STATEMENT

Not applicable. Plaintiff is a self-employed individual

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation. The number of
words in this brief is 8,625. (Open Office / Libre Office Writer)

## SUMMARY OF THE ARGUMENT

.01. This is an action brought for violations of plaintiff's rights as related to the Pennsylvania Act 15, § 401, the Fifth Amendment to the U.S. Constitution, the Fourteenth Amendment to the U.S. Constitution and 28 USC §1983 caused by repeated failures of adequate, competent continuous and strict oversight of the defendants in the performance of their basic duties. Plaintiff seeks declaratory relief as well as compensatory and punitive damages from the defendants in their individual capacities.

## JURISDICTION AND VENUE

.02. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. #1331 and #1343.

## PLAINTIFF

EDWARD J. BARR, an adult individual, is a self employed real estate broker whose real estate office, since 1980, has been and is at the intersection of Pa. Route 940 and Camelot Drive, in Pocono Lake, Pennsylvania.

## DEFENDANTS

ALEXIS L. BARBIERI, an adult individual, whose office is at Pennsylvania Department of State BPOA, Post Office Box 2649, Harrisburg PA 17105-2649, is relevant to this litigation.

JOHN C. BEAR, an adult individual, whose office is at 145B East Wing in Harrisburg, PA 17120-2097, is relevant to this litigation.

LISA M. BOSCOLA, an adult individual, whose office is at Senate Box 203018 in Harrisburg, PA 17120-3018, is relevant to this litigation.

TIM BRIGGS, an adult individual, whose office is at 121A East Wing in Harrisburg, PA 17120-2149, is relevant to this litigation.

BEVERLY BROOKS, an adult individual, whose office is at Pennsylvania Department of State BPOA, Post Office Box 2649, Harrisburg PA 17105-2649, is relevant to this litigation.

MICHAELE BROOKS, an adult individual, whose office is at 153B East Wing in Harrisburg, PA 17120-2017, is relevant to this litigation.

ANNIE H. CESTRA, an adult individual, whose office is at Pennsylvania Department of State BPOA, Post Office Box 2649, Harrisburg PA 17105-2649, is relevant to this litigation.

JIM CHRISTIANA, an adult individual, whose office is at 53B East Wing in Harrisburg, PA 17120-2015, is relevant to this litigation.

GARY DAY, an adult individual, whose office is at 163B East Wing in Harrisburg, PA 17120-2187, is relevant to this litigation.

EDWIN B. ERICKSON, an adult individual, whose office is at Senate Box 203026 in Harrisburg, PA 17120-3026, is relevant to this litigation.

ARMAND N. FERRARA, an adult individual, whose office is at Pennsylvania Department of State BPOA, Post Office Box 2649, Harrisburg PA 17105-2649, is relevant to this litigation.

JIM FERLO, an adult individual, whose office is at Senate Box 203038 in Harrisburg, PA 17120-3038, is relevant to this litigation.

JOHN T. GALLOWAY, an adult individual, whose office is at 104 Irvis Office Building in Harrisburg, PA 17120-2140, is relevant to this litigation.

MARC J. GERGELY, an adult individual, whose office is at 325 Main Capitol Building in Harrisburg, PA 17120-2035, is relevant to this litigation.

JARET GIBBONS, an adult individual, whose office is at 302 Main Capitol Building in Harrisburg, PA 17120-2010, is relevant to this litigation.

KEITH GILLESPIE, an adult individual, whose office is at 45 East Wing in Harrisburg, PA 17120-2047, is relevant to this litigation.

NEAL GOODMAN, an adult individual, whose office is at G07 Irvis Office Building in Harrisburg, PA 17120-2123, is relevant to this litigation.

JOHN R. GORDNER, an adult individual, whose office is at Senate Box 203027 in Harrisburg, PA 17120-3027, is relevant to this litigation.

STEWART J. GREENLEAF, an adult individual, whose office is at Senate Box 203012, in Harrisburg, PA 17120-3012, is relevant to this litigation.

JULIE HARHART, an adult individual, whose office is at 313 Main Capitol Building in Harrisburg, PA 17120-2183, is relevant to this litigation.

SUSAN C. HELM, an adult individual, whose office is at 141A East Wing in Harrisburg, PA 17120-2104, is relevant to this litigation.

DAVID S. HICKERNELL, an adult individual, whose office is at B12 Main Capitol Building in Harrisburg, PA 17120-2098, is relevant to this litigation.

JEFFREY J. JOHNSON, an adult individual, whose office is at Pennsylvania Department of State BPOA, Post Office Box 2649, Harrisburg PA 17105-2649, is relevant to this litigation.

RICARAD A. KASUNIC, an adult individual, whose office is at Senate Box 203032 in Harrisburg, PA 17120-3032, is relevant to this litigation.

WILLIAM C. KORTZ II, an adult individual, whose office is at 123 East Wing in Harrisburg, PA 17120-2038, is relevant to this litigation.

NICK (NICHOLAS?) KOTIK, an adult individual, whose office is at 226 Irvis Office Building in Harrisburg, PA 17120-2045, is relevant to this litigation.

JOHN MAHER, an adult individual, whose office is at 113 Ryan Office Building in Harrisburg, PA 17120-2040, is relevant to this litigation.

JOSEPH J. MCGETTIGAN, an adult individual, whose office is at Pennsylvania Department of State BPOA, Post Office Box 2649, Harrisburg PA 17105-2649, is relevant to this litigation.

BASIL MERENDA, an adult individual, whose last known address is Pennsylvania Department of State BPOA, Post Office Box 2649, Harrisburg PA 17105-2649, is relevant to this litigation.

T. MARK MUSTIO, an adult individual, whose office is at 432 Irvis Office Building in Harrisburg, PA 17120-2044, is relevant to this litigation.

DONNA OBERLANDER, an adult individual, whose office is at 160A East Wing in Harrisburg, PA 17120-2063, is relevant to this litigation.

CHERELLE L. PARKER, an adult individual, whose office is at 112 Irvis Office Building in Harrisburg, PA 17120-2200, is relevant to this litigation.

TONY J. PAYTON, JR., an adult individual, whose office is at 308 Irvis Office Building or PO Box 202179 in Harrisburg, PA 17120-2179, is relevant to this litigation.

JEFFREY E. PICCOLA, an adult individual, whose office is at Senate Box 203015 in Harrisburg, PA 17120-3015, is relevant to this litigation.

MARGUERITE QUINN, an adult individual, whose office is at 159A East Wing in Harrisburg, PA 17120-2143, is relevant to this litigation.

HARRY READSHAW, an adult individual, whose office is at 221 Irvis Office Building in Harrisburg, PA 17120-2036, is relevant to this litigation.

JOHN C. RAFFERTY, JR., an adult individual, whose office is to be fund at Senate Box 203044 in Harrisburg, PA 17120-3044, is relevant to this litigation.

DOUGLAS G. REICHLEY, an adult individual, whose office is at 5 East Wing in Harrisburg, PA 17120-2134, is relevant to this litigation.

EDWARD L. RENDALL, an adult individual, whose last known address is 225 Main Capitol Bldg., Harrisburg PA 17105, is relevant to this litigation.

JOSEPH B. SCARNATI III, an adult individual, whose office is at Senate Box 203025 in Harrisburg, PA 17120-3025, is relevant to this litigation.

MARIO M. SCAVELLO, an adult individual, whose office is at 143 East Wing in Harrisburg, PA 17120-2176, is relevant to this litigation.

TIMOTHY J. SOLOBAY, an adult individual, whose office is at 15 East Wing Senate Box 203046 in Harrisburg, PA 17120-3046, is relevant to this litigation.

JOHN A. SOMMER, an adult individual, whose office is at Pennsylvania Department of State BPOA, Post Office Box 2649, Harrisburg PA 17105-

2649, is relevant to this litigation.

CURTIS G. SONNEY, an adult individual, whose office is at 149B East Wing in Harrisburg, PA 17120-2004, is relevant to this litigation.

JOSEPH TARANTINO, JR., an adult individual, whose office is at Pennsylvania Department of State BPOA, Post Office Box 2649, Harrisburg PA 17105-2649, is relevant to this litigation.

ROBERT M. TOMLINSON, an adult individual, whose office is at Senate Box 203006 in Harrisburg, PA 17120-3006, is relevant to this litigation.

KIM L. WARD, an adult individual, whose office is at Senate Box 203039 in Harrisburg, PA., is relevant to this litigation

MICHAEL WEISS, an adult individual, whose office is at Pennsylvania Department of State BPOA, Post Office Box 2649, Harrisburg PA 17105-2649, is relevant to this litigation.

MARY JO WHITE, an adult individual, whose office is at Senate Box 203021 in Harrisburg, PA 17120-3021, is relevant to this litigation.

JOHN N. WOZNIAK, an adult individual, whose office is at 10 East Wing Senate Box 203035 in Harrisburg, PA 17120-3035, is relevant to this litigation.

## ARGUMENT

.03. A state can not order it's agents to act in an unlawful manner however when coupled with a failure of competent, continuous and strict oversight it will occur, resulting in violations of one or more Constitutional rights as applicable to individuals.

.04. The Pennsylvania Constitution gives plenary power over self-employment to the legislative branch of the Pennsylvania government, which in turn has created subordinate bodies with which it has shared power concerning employment in the multitude of professions and trades found in the Commonwealth; the PA Department of State

(hereinafter PADOS), PA Bureau of Professional and Occupational Affairs (hereinafter PABPOA) and the PA Real Estate Commission (hereinafter PARECOM) are three such groups. Plaintiff offers that chief among the duties of the defendants is a renewal of licenses after timely notifying licensees it is renewal time and associated cost. The defendants have a lengthy history of failures in this regard.

> "Crime is contagious. If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy." Olmstad v. United States, (1928) 277 U.S. 438

### COUNT ONE: VIOLATION OF PA ACT 15, § 401 (1982)

> "It shall be the duty of the department to issue licenses and registration certificates to any person who shall comply with the provisions of this act. PA Code, Section 401 amended Mar. 29, 1984, P.L.162, No.32)

.05. In May of 1980 the plaintiff earned and was granted a real estate broker license by the Commonwealth of Pennsylvania. Along with the issuance of that license came a property interest.

> "Once obtained, a (medical professional) has a property interest in his or her medical license." Eldride v. Vaughn et al No 1195 M.D. 1996

.06. On 01 January 1982 the defendants were grossly negligent in that they failed to advise the plaintiff that his real estate broker license renewal was due.

.07. On 01 January 1982 the defendants were grossly negligent when they failed to advise the plaintiff as to the cost of renewal of the subject license.

.08. On 01 January the defendants were grossly negligent when they failed to advise the plaintiff as to why the subject license was not renewed.

.09. On 01 January 1982 the defendants were grossly negligent when they failed to re-issue the subject license.

.10. At the time the unlawful withholding of the license began plaintiff was not aware of any federal or Commonwealth violations on his part which would give rise to such an extraordinary action which caused constitutional insult as well as economic and other harms.

.11. Solely by reason of incompetence and gross negligence and after being told to change the plaintiff's mailing address to one which the post office would use, the defendants refused to do so. (Note 01) (Note 02) (See Plaintiff Exhibit: 19820318, 19820324B, 19820817, 19821203, 19820325-A and 19820325-B.

> "If he alleges gross negligence and can establish even ordinary negligence on the part of the hospital, then it is for the jury to decide." Albright v. Abington / 548 Pa. 268, 696 A.nd 1159

.12. Plaintiff reserves the right to supplement these allegations by reason of future discovery.

### COUNT TWO: VIOLATION OF 5TH AMENDMENT (1982)

.13. Plaintiff incorporates paragraphs .01. through .12. by reference as if fully set forth.

.14. On 01 January 1982, acting under color of law and having failed to re-issue the subject license in a timely manner the defendants failed to offer due process or compensation for their

administrative errors thereby violating the plaintiff's

Constitutional rights. See United States Constitution, 5th Amendment;

see also <u>Lynch v. Household Finance Corp., 405 U.S. 538 (1972)</u>

.15. The Constitutional insult plus the economic impact of having

to shut down one's business due to defendant's administrative

failures, the results should be well enough understood; zero income

and zero expectations of same.

> ".. a government regulation may operate as a taking,
> entitling the owner to compensation. The outcome of such
> non-categorical cases turns on "[t]he economic impact of
> the regulation on the claimant," "the character of the
> governmental action," and "the extent to which the
> regulation has interfered with distinct investment-backed
> expectations." <u>Penn Central Transportation Co. v. City of</u>
> <u>New York , 438 U.S. 104, 124 (1978)</u>

.16. If and for any reason should an individual be denied a

license in order to conduct a lawful business there is a total

deprivation of the expected economic benefits of having such a

license and the licensee may sue to regain his property;

> ".. if he can demonstrate .. 1) the total deprivation of
> economically beneficial use, <u>see Lucas v. South Carolina</u>
> <u>Coastal Council , 505 U.S. 1003, 1015 (1992); Loretto v.</u>
> <u>Teleprompter Manhattan CATV Corp. , 458 U.S. 419, 435-40</u>
> <u>(1982)</u>

> "An owner may stake a claim to compensation without
> engaging in "ad hoc, factual inquiries," <u>Penn Central</u>
> <u>Trans. Co. v. New York City , 438 U.S. 104, 124 (1978)</u>

.17. Plaintiff reserves the right to supplement these allegations
by reason of future discovery.

### COUNT THREE: VIOLATION OF 14TH AMENDMENT (1982)

> "... No State shall make or enforce any law which shall
> abridge the privileges or immunities of citizens of the
> United States; nor shall any State deprive any person of
> life, liberty, or property, without due process of
> law; ..." <u>U.S. Constitution, Amendment 14, Section I.</u>

.18. Plaintiff incorporates paragraphs .01. through .17. by reference as if fully set forth.

.19. On January 01, 1982, acting under color of law, the defendants violated the plaintiff's Fourteenth Amendment rights when they elected without just cause to withhold the subject license and failed to offer the plaintiff due process:

> "The federal guaranty of due process extends to state
> action through. its judicial as well as through its
> legislative, executive or administrative branch of
> government." <u>Shelley v. Kramer 334 U.S. 1 (1948)</u>

> "..due process requires that when a State seeks to
> terminate an interest .. it must afford "notice and
> opportunity for hearing appropriate to the nature of the
> case" before the termination becomes effective. <u>Bell v.
> Burson, 402 U.S. 535 (1971) 402 U.S. 535. See also
> Wisconsin v. Constantineau, 400 U.S. 433 (1971); Goldberg
> v. Kelly, 397 U.S. 254 (1970); Sniadach v. Family Finance
> Corp., 395 U.S. 337 (1969); Cotton Mills v. Administrator,
> 312 U.S., at 152 -156</u>

> "Once .. issued, .. their continued possession may become
> essential in the pursuit of a livelihood. Suspension of
> issued licenses thus involves state action that adjudicates
> important interests of the licensees. In such cases the
> licenses are not to be taken away without that procedural
> due process required by the Fourteenth Amendment. <u>Bell v.
> Burson, 402 U.S. 535 (1971) 402 U.S. 535; Goldberg v.
> Kelly, 397 U.S. 254 (1970); Sniadach v. Family Finance
> Corp., 395 U.S. 337 (1969)</u>

.20. The courts have held that the action of state courts in imposing penalties or depriving parties of other substantive rights

without providing adequate notice and opportunity to defend has ..

long been regarded as a denial of the due process of law guaranteed

by the Fourteenth Amendment; See <u>Brinkerhoff-Faris Trust & Savings</u>

<u>Co. v. Hill, and Pennoyer v. Neff, 95 U.S. 714 (1878)</u>; <u>See also</u>

<u>Hansberry v. Lee, 311 U.S. 32 (1940); Standard Oil Co. v. Missouri,</u>

<u>224 U.S. 270, 281-282 (1912).</u>

.21. Plaintiff reserves the right to supplement these allegations

by reason of future discovery.

### COUNT FOUR: VIOLATION OF 42 USC §1983 (1982)

"Every person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State or Territory or
the District of Columbia, subjects, or causes to be
subjected, any citizen of the United States or other person
within the jurisdiction thereof to the deprivation of any
rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party injured
in an action at law, suit in equity, or other proper
proceeding for redress, .. " <u>42 USC §1983</u>

.22. Plaintiff incorporates paragraphs .01. through .21. by

reference as if fully set forth.

.23. Plaintiff does not argue the right the state to engage in a

lawful exercise of it's police powers regarding professional

licensing. What is argued is the defendant's repeated failures to act

lawfully and in a timely manner when initially advised that no

license renewal or the cost of same was received. By ".. regulation,

custom or usage .." and acting under color of law the defendants

presume the plaintiff guilty of violating Commonwealth law and

without just cause engaged in the unlawful withholding of the subject

license until such time as unlawful fines were paid, violating the United States' 5th Amendment, the 14th Amendment, 28 USC §1983 and comparable Commonwealth statutes as they apply to the plaintiff.

### COUNT FIVE: VIOLATION OF PA ACT 15, § 401 (1992)

.24. Plaintiff incorporates paragraphs .01. through .23. by reference as if fully set forth.

.25. On 01 January 1992 the defendants were grossly negligent in that they failed to advise the plaintiff that his license renewal was due.

.26. On 01 January 1992 the defendants were grossly negligent when they failed to advise the plaintiff as to the cost of renewal of the subject license.

.27. On 01 January 1992 the defendants were grossly negligent when they failed to advise the plaintiff as to why the subject license was not renewed.

.28. On 01 January 1992 he defendants were grossly negligent when they failed to re-issue the subject license in a timely manner.

.29. At the time the unlawful withholding of the license began plaintiff was not aware of any federal or Commonwealth violations on his part which would give rise to such an extraordinary action which caused constitutional insult as well as economic and other harms. See Albright v. Abington 548 Pa. 268, 696 A.nd 1159.

.30. Plaintiff reserves the right to supplement these allegations by reason of future discovery.

## COUNT SIX: VIOLATION OF 5th AMENDMENT (1992)

.31. Plaintiff incorporates paragraphs .01. to .30. herein as if set forth in full.

.32. On 01 January 1992, acting under color of law and having again failed to re-issue the subject license in a timely manner the defendants failed to offer due process or compensation for their administrative errors thereby violating the plaintiff's Constitutional rights. See United States Constitution, 5th Amendment; see also Lynch. v. Household Finance Corp., 405 U.S. 538 (1972)

.33. On 01 January 1992, acting under color of law, the defendants were grossly negligent in their duties in that they failed to advise the plaintiff as to why the license in question would not be renewed.

.34. On 01 January 1992, acting under color of law, the defendants were grossly negligent in their duties in that they failed to re-issue the bi-annual real estate broker license to the plaintiff without just cause.

.35. At the time of the unlawful withholding of the subject license the plaintiff was not aware of any violations, federal or state, on his part which would give rise for such an action, which caused not only constitutional insult but economic and other harms.

.36. At no time did the defendants offer compensation of any type or kind for the unlawful withholding of the subject license.

.37. Plaintiff reserves the right to supplement these allegations

by reason of future discovery.

## COUNT SEVEN: VIOLATION OF 14th AMENDMENT (1992)

.38 Plaintiff incorporates paragraphs .01. to .37. herein as if set forth in full.

.39. On January 01, 1992, acting under color of law, the defendants violated the plaintiff's Fourteenth Amendment rights when they elected without just cause to withhold the subject license and failed to offer the plaintiff due process. See Plaintiff's Exhibit 19920309.

.40. Plaintiff reserves the right to supplement these allegations by reason of future discovery.

## COUNT EIGHT: VIOLATION OF 42 USC §1983 (1992)

.41. Plaintiff incorporates paragraphs .01. through .40. by reference as if fully set forth.

.42. Plaintiff does not argue the right the state to engage in a lawful exercise of it's police powers regarding professional licensing. What is argued is the defendant's repeated failures to act lawfully and in a timely manner when initially advised that no license renewal or the cost of same was received. By ".. regulation, custom or usage .." and acting under color of law the defendants presume the plaintiff guilty of violating Commonwealth law and without just cause engaged in the unlawful withholding of the subject license until such time as unlawful fines were paid, violating the United States' 5th Amendment, the 14th Amendment, 28 USC §1983 and

comparable Commonwealth statutes as they apply to the plaintiff.

### COUNT NINE: VIOLATION OF PA ACT 15, § 401 (2006)

.43. Plaintiff incorporates paragraphs .01. to .42. herein as if set forth in full

.44. On 01 June 2006 the defendants were grossly negligent when they failed to advise the plaintiff that his bi-annual license renewal was due.

.45. On 01 June 2006 the defendants were grossly negligent when they failed to advise the plaintiff as to the cost of renewal of the subject license.

.46. On 01 June 2006 the defendants were grossly negligent when they failed to advise the plaintiff as to why the subject license was not renewed.

.47. On 01 June 2006 the defendants were grossly negligent when they failed to re-issue the subject license in a timely manner.

.48. At the time the unlawful withholding of the license began plaintiff was not aware of any federal or Commonwealth violations on his part which would give rise to such an extraordinary action which caused constitutional insult, economic and other harms to the plaintiff.

.49. It was not until such time as the plaintiff contacted the office of former PA Senator Musto. On investigation a member of the senator's staff was advised that the subject license was ".. on the way. " It arrived a month and a half after it was due. (Note 03) (See

Plaintiff Exhibits: 20060322, 20060627, 20060705, 20060612-A, 20060612-B)

.50. Solely by reason of administrative miss-management and gross negligence on the part of the defendants, the plaintiff was caused to suffer constitutional, economic and other injuries.

.51. Plaintiff reserves the right to supplement these allegations by reason of future discovery.

### COUNT TEN: VIOLATION OF 5th AMENDMENT (2006)

.52. Plaintiff incorporates paragraphs .01 to .51. herein as if set forth in full.

.53. On 01 June 2006, acting under color of law and having again failed to re-issue the subject license in a timely manner the defendants failed to offer due process or compensation for their administrative errors thereby violating the plaintiff's Constitutional rights. See United States Constitution, 5th Amendment; see also Lynch. v. Household Finance Corp., 405 U.S. 538 (1972) .54. Aside from the constitutional insult, the economic impact of having to shut down one's business due to defendant's administrative failure, the resulting damages to a business should be understood by anyone; zero income and zero expectations of same. See Penn Central Transportation Co. v. City of New York , 438 U.S. 104, 124 (1978)

.55. If and for any reason, should an individual be denied a license to continue to conduct a valid business there is a total deprivation of the expected economic benefits which may come about as

a result of such an action and the licensee may sue to regain his property. See <u>Lucas v. South Carolina Coastal Council , 505 U.S. 1003, 1015 (1992); Loretto v. Teleprompter Manhattan CATV Corp. , 458 U.S. 419, 435-40 (1982)</u>

.56. At the time the unlawful withholding of the subject license began the plaintiff was not aware of any violations, federal or state, on his part which would give rise for such an extraordinary action, which caused not only constitutional insult but economic and other harms.

.57. Plaintiff reserves the right to supplement these allegations by reason of future discovery.

**COUNT ELEVEN: VIOLATION OF 14th AMENDMENT (2006)**

.58. Plaintiff incorporates paragraphs .01. to .57. herein as if set forth in full.

.59. On 01 June 2006, acting under color of law, the defendants violated the plaintiff's Fourteenth Amendment rights when they elected without just cause to withhold the subject license and failed to offer the plaintiff due process. See <u>Shelley v. Kramer 334 U.S. 1 (1948); Bell v. Burson, 402 U.S. 535 (1971) 402 U.S. 535; Wisconsin v. Constantineau, 400 U.S. 433 (1971); Goldberg v. Kelly, 397 U.S. 254 (1970); Sniadach v. Family Finance Corp., 395 U.S. 337 (1969); Cotton Mills v. Administrator, 312 U.S., at 152 -156.</u>

.60. Plaintiff reserves the right to supplement these allegations by reason of future discovery.

## COUNT TWELVE: VIOLATION OF 42 USC §1983 (2006)

.61. Plaintiff incorporates paragraphs .01. through .60. by reference as if fully set forth.

Plaintiff does not argue the right the state to engage in a lawful exercise of it's police powers regarding the licensing of professions. What is argued is the defendant's repeated failures to act lawfully and in a timely manner when initially advised that no license renewal or the cost of same was received. By ".. regulation, custom or usage .." and acting under color of law the defendants presume the plaintiff guilty of violating Commonwealth law and without just cause engaged in the unlawful withholding of the subject license until such time as unlawful fines were paid, violating the United States' 5th Amendment, the 14th Amendment, 28 USC §1983 and comparable Commonwealth statutes as they apply to the plaintiff.

## COUNT THIRTEEN: VIOLATION OF PA ACT 15, § 401 (2010)

.63. Plaintiff incorporates paragraphs .01. to .57. herein as if set forth in full.

.64. On 01 June 2010 the defendants were grossly negligent in that they failed to advise the plaintiff that his license renewal was due.

.65. On 01 June 2010 the defendants were grossly negligent when they failed to advise the plaintiff as to the cost of renewal of the subject license.

.66. On 01 June 2010 the defendants were grossly negligent when

they failed to advise the plaintiff as to why the subject license was not renewed.

.67. On 01 June 2010 the defendants were grossly negligent when they failed to re-issue the subject license in a timely manner.

.68. At the time the unlawful withholding of the license began plaintiff was not aware of any federal or Commonwealth violations on his part which would give rise to such an extraordinary action which caused constitutional insult, economic and other harms which continue to this hour.

.69. Plaintiff offers that solely by reason of insufficient over sight and repeated administrative miss-management by the defendants, plaintiff has and continues to suffer constitutional, economic and other injuries.

> There is a general rule that a ministerial officer who acts wrongfully, although in good faith, is nevertheless liable in a civil action and cannot claim the immunity of the sovereign. Cooper v. O'Conner, 99 F.2d 133

.70. Plaintiff reserves the right to supplement these allegations by reason of future discovery.

### COUNT FOURTEEN: VIOLATION OF 5TH AMENDMENT (2010)

.71. Plaintiff incorporates paragraphs .01. to .70. herein as if set forth in full.

.72. On 01 June 2010, acting under color of law and having again failed to re-issue the subject license in a timely manner the defendants failed to offer due process or compensation for their

administrative errors thereby violating the plaintiff's
Constitutional rights. <u>See United States Constitution, 5th Amendment;</u>
<u>see also Lynch. v. Household Finance Corp., 405 U.S. 538 (1972)</u>

.73. On 01 June 2010, acting under color of law, the defendants
were grossly negligent in their duties in that they again failed to
advise the plaintiff as to the reason(s) why the subject license was
not renewed.

.74. On 01 June 2010 and acting under color of law, the
defendants were grossly negligent in their duties in that they again
failed to re-issue the bi-annual real estate broker license to the
plaintiff without just cause.

.75. At the time the unlawful withholding of the subject license
began the plaintiff was not aware of any violations, federal or
state, on his part which would give rise for such an extraordinary
action by the defendants which caused not only constitutional insult
but economic and other harms which continue to this day.

.76. Solely by reason of administrative miss-management and gross
negligence on the part of the defendants, the plaintiff has and is
suffering constitutional, economic and other injuries.

> Constitutionally and in fact of law and judicial rulings,
> state-federal "magistrates-judges" or any government
> actors, state or federal, may now be held liable, if they
> violate any Citizen's Constitutional rights, privileges, or
> immunities, or guarantees; including statutory civil
> rights. <u>Forrester v. White, 484 U.S. at 227-229, 108 S. Ct.</u>
> <u>at 544-545 (1987); Westfall v.Erwin, 108 S. Ct. 580 (1987);</u>
> <u>United States v. Lanier (March 1997)</u>

.77. Plaintiff reserves the right to supplement these allegations by reason of future discovery.

### COUNT FIFTEEN: VIOLATION OF 14th AMENDMENT (2010)

.78. Plaintiff incorporates paragraphs .01. to .77. herein as if set forth in full.

> "The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice." Davis v. Wechler, 263 U.S. 22, 24; Stromberg v. California, 283 U.S. 359; NAACP v. Alabama, 375 U.S. 449

.79. On 01 June 2010, acting under color of law, the defendants violated the plaintiff's Fourteenth Amendment rights when they elected without just cause to withhold the subject license and failed to offer the plaintiff due process. See Shelley v. Kramer 334 U.S. 1 (1948); Bell v. Burson, 402 U.S. 535 (1971) 402 U.S. 535; Wisconsin v. Constantineau, 400 U.S. 433 (1971); Goldberg v. Kelly, 397 U.S. 254 (1970); Sniadach v. Family Finance Corp., 395 U.S. 337 (1969); Cotton Mills v. Administrator, 312 U.S., at 152 -156

> Where a person willfully repeats a trespass, a cause of action exists for aggravated damages. Funk v H.S. Kerbaugh, Inc (1908) 222 Pa 18, 70 A 953

> The action of state courts in imposing penalties or depriving parties of other substantive rights without providing adequate notice and opportunity to defend has ... long been regarded as a denial of the due process of law guaranteed by the Fourteenth Amendment. Brinkerhoff-Faris Trust & Savings Co. v. Hill and Pennoyer v. Neff, 95 U.S. 714 (1878); Standard Oil Co. v. Missouri, 224 U.S. 270, 281-282 (1912); Hansberry v. Lee, 311 U.S. 32 (1940)

.80. Plaintiff reserves the right to supplement these allegations

by reason of future discovery.

.81. At the time the unlawful withholding of the license began the plaintiff was not aware of any violations, federal or state, on his part which would give rise for such an extraordinary action by the defendants which gave rise to not only constitutional insult but economic and other harms which continue to this very day. (Note 05)

**COUNT SIXTEEN: VIOLATION OF 42 USC §1983 (2010)**

See 42 USC §1983 Footnote

.82. Plaintiff incorporates paragraphs .01. through .81. by reference as if fully set forth.

Plaintiff does not argue the right the state to engage in a lawful exercise of it's police powers regarding professional licensing. What is argued is the defendant's repeated failures to act lawfully and in a timely manner when advised that no license renewal or the cost of same was received. By "... regulation, custom or usage ..." and acting under color of law the defendants presume the plaintiff guilty of violating Commonwealth law and without just cause continue to engage in the unlawful withholding of the subject license until such time as demanded fines are paid, violating the United States' 5th Amendment, the 14th Amendment, 28 USC §1983 and comparable Commonwealth statutes as they apply to the plaintiff.

## RELIEF SOUGHT

WHEREFORE, plaintiff prays that the Court grant the following relief:

(A) Award to the plaintiff compensatory and punitive damages in amounts to be proven at trial.

(B) Declare the defendants in violation of plaintiff's rights with respect to Act 15 of the Pennsylvania Code, the Fifth Amendment and Fourteenth Amendments to the Constitution of these United States and 42 USC §1983.

(C) Order the defendants to immediately issue the subject license.

(D) Order each defendant to pay to the plaintiff the sum of One Hundred Dollars ($100.00) per day for each and every day or any part thereof during which time the subject license has been unlawfully withheld. In this regard it is further asked that it be ordered that the defendants may not in any manner, now or in the future, in any way, shape or form, be it direct or indirect, be compensated by the Pennsylvania Commonwealth for their failings and miss-behavior regarding the actions at bar.

(E) The Court is asked to order that for the years 2010-2012 the defendants deduct from the gross bi-annual charge, the daily cost for each and every day the subject license was unlawfully withheld.

(F) The Court is asked to order the defendants to rescind any and all punitive actions, including fines as contrived by the defendants.

(G) The Court is asked to award the plaintiff costs for any and all costs and fees involved with bringing this action.

(H) Award any other relief as deemed appropriate and just.

Signed on this the 18th day of JANUARY 2012.

EDWARD J. BARR, Pro Se
HC 87 BOX 792
107 Camelot Drive
Pocono Lake PA 18347-9653

TEL: 570-646-2114

## F O O T   N O T E S

.01. Rather than use a common business format for mailings; (1) the name of the licensee and/or the licensee's trade name/company, (2) the office street address of the business, (3) if applicable, a post office box number or a rural route box number and, (4) the city/town, state and zip code, the defendants have off-and-on used variants of the following flawed addressing format:

> "Mr. Edward J. Barr
> The Yankee Company - Real Estate
> Route 940 and Camelot Drive
> Pocono Lake, PA 18347"

The defendants failed to recognize that a given business may have a mailing address different from the office/plant location. In Tobyhanna Township, Monroe County, PA., direct postal delivery to one's residence or place of business does not exist - never has. Mail is delivered to: (a) one's rural mail box or (b) to the post office itself, where individuals may retrieve their mail from leased U.S. Post Office Boxes.

.02. When reviewing these exhibits, the different addressing employed by the defendants as applied to the plaintiff over the years is noteworthy.

.03. For the 2006-2008 period plaintiff's records show the following:

On 18 MAR 2006: Plaintiff received a timely license renewal notice

On 17 MAY 2006: Defendants signed for Certified Mail license renewal form and enclosed fee, including plaintiff's declaration to be advised in writing regarding b-annual license renewals.

On 01 JUN 2006 the due bi-annual license failed to arrive.

On 23 JUN 2006 Demand was made for a duplicate license, with no reply of any type or kind from the defendants.

On 27 JUN 2006 A telephone call was made to PA Senator Musto's office regarding the over-due license. Mr. Musto's secretary "Andrea" spoke with PADOS and was advised a new license was ".. on the way."

On 05 JUL 2006 Renewal license now over a month late. Defendant Rendell was advised in writing of this. The subject license was finally received, over a month late, without apology or question(s).

.04. For the 2010-2012 bi-annual period: (a) Defendants failed to advise the plaintiff in any manner that his license was due for renewal; (b) Defendants refused to advise the plaintiff as to the cost of the renewal fee; (c) Defendants failed once more to re-issue the subject license in a timely manner; and (d) Defendants failed to advise the plaintiff in any manner as to why the subject license was not timely renewed. On 01 June 2010 plaintiff had to once again shut down his business during the 2010 "Summer Season" and the year following, a time which in the Poconos is vital to survival of any business in the real estate trade. The Court might note as well for the past several years real estate sales in the Pocono Mountains is the worst in over forty (40) years.

.05. The defendants now demand licensees communicate with them via the Internet, yet plaintiff's experience has shown the defendants are at best marginally competent to properly handle basic telephone inquiries and written communications.

.06. " ... nor be deprived of life, liberty, or property, without due process of law; ... without just compensation." United States Constitution, Fifth Amendment.

.07. "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." United States Constitution, Fourteenth Amendment.

.08. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, ... " 42 USC §1983.

## INDEX OF PLAINTIFF'S EXHIBITS
### (By Date: YEAR-MONTH-DAY (YYYYMMDD))

19820318: Letter to PARECOM, Renew License, Notice of Address Change.

19820403: Form Letter to PARECOM, Change of Address Only.

19820817: Letter from PARECOM/Ellen T. Thomas. Note address used.

19821203: Letter from PARECOM/Sara J. Sulpizio. Note address used.

19830225: Letter from PABPOA/Stanley A. Miller. Page 1. Note address used. In para. Three (3) Miller blames the Post Office yet PARECOM has had correct address for previous eleven (11) months.

19830225: Letter from PABPOA/Stanley A. Miller. Page 2.

19840530: Copy of letter sent to plaintiff's law firm.

19840615: Letter from PARECOM/Pierce L. Clouser, Jr. Note the address.

19920217: Letter to PARECOM. Copy to Office of the Governor.

19920309: Letter to attorney citing loss of business due to plaintiff's practices.

20020527: Letter to PARECOM. Form "1130B". re. Change of address as mandated by U.S. Postal Service.

20020703: Letter to PARECOM. Second notice of change of address due to U.S. Postal Service mandate. This year the "EMS" mandatory address changes go into effect, replacing the rural PO BOX addresses in Pa.

20060318: Letter to PARECOM. Form letter "965", in addition to (1) the real estate licensee's name and address, (2) the agent/broker "code number", now the defendants now want to use (3) a "Registration Code". Such added "identification" requirement are very strongly suggestive of administrative and leadership incompetence. Note to the red check mark for "YES", paper renewal forms are wanted.

20060623: Renewal license is twenty three (23) days late!

20060627: Hand notes taken for and during long distance telephone call to PA State Senator Musto's office regarding overdue license.

20060705: Letter to defendant Rendall, ".. what the hell is going on?"

20060712A: Letter to PARECOM. Page one (1).

20060712B: Letter to PARECOM. Page two (2). Perform or be sued.

20100208: Letter from PADOS/Patricia Riddley. Form letter re "State Tax Clearance Review"?

20100215: Letter to PA DEPARTMENT OF REVENUE/George Paris. Certified Letter. What's going on?

20100605: Post Card from defendant Meranda. License has expired? This was the first time such a notice was ever received. Note to, the mailing address.

20100606: Letter to defendant Rendall. Send my license or I'll initiate an action against you and Merenda. No response of any type or kind.

20101119: Letter as returned by defendants. Notice stamp confirming receipt by the "REAL ESTATE AND VEHICLE LICENSING DIVISION" dated "2010 NOV 22".

20101127: Received unsigned "form" letter. Sent on plaintiff's birthday no less. Deliberate harassment by way of now demanded "police background check"? What's next? Finger prints? DNA samples? Blood Oaths of allegiance to the Commonwealth and the defendants?

20110204: Letter to local postmaster. Is anyone receiving mail at "HC 88 BOX 792"? Oral response was "No."

**EDWARD J. BARR**

**HC 87 BOX 792**

**107 CAMELOT DR**

**POCONO LAKE PA 18347**

●

**570-646-2114**

●

Office of the Clerk
U.S. District Court Courthouse
228 Walnut Street
PO BOX 983
Harrisburg PA 17101

23 January 2012

**FILED**
HARRISBURG, PA

JAN 2 4 2012

MARY E. D'ANDREA. CLERK
Per _____
Deputy Clerk

Re. Civil Action - Barr v. Barbieri et al

Ladies and Gentlemen;

Attached/Enclosed you will find for filing with the Court a civil action, along with a "Civil Cover
Sheet' and my check in the amount of Three Hundred and Fifty ($350.00) Dollars.

If on review of the contents, should you find that you have any questions, let me know.

Sincerely yours,

Edward J. Barr

/EJB

Enclosures



U.S. POSTAGE
PAID
BLAKESLEE, PA
18610
JAN 23, 12
$2.70
0004763B-05

VED
RG, PA
2 4 2012
NDREA, CLE

17101

1000

UNITED STATES
POSTAL SERVICE




EDWARD J. BARR
HC 87 BOX 792
107 CAMELOT DR
POCONO LAKE PA 18347

OFFICE OF THE CLERK
US DISTRICT COURT COURTHOUSE
228 WALNUT STREET
PO BOX 983
HARRISBURG PA 17101-0983