```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


EDWARD J. BARR,                  :  CIVIL NO. 3:12-CV-00132
                                 :
          Plaintiff              :  (Judge Caputo)
                                 :
     v.                          :  (Magistrate Judge Smyser)
                                 :
ALEXIS L. BARBIERI,              :
et al.,                          :
                                 :
          Defendants             :
```

## REPORT AND RECOMMENDATION

The plaintiff's complaint was filed on January 24, 2012. The defendants are 50 Pennsylvania executive branch and legislative branch officials. Each defendant is sued in his or her individual capacity. The complaint avers that the plaintiff obtained a real estate broker's license in 1980 and that through gross negligence and incompetence on the part of Pennsylvania Department of State employees the license was not renewed when the plaintiff sought to have it renewed.

The plaintiff's 42 U.S.C. § 1983 complaint asserts that the defendants' gross negligence and incompetence resulted in violations of the plaintiff's Fifth and Fourteenth Amendment property interest rights.

As a remedy, the complaint asks the court to order the defendants to pay compensatory and punitive damages to the plaintiff, to order the defendants to issue a real estate broker's license to the plaintiff, to order each defendant to pay $100.00 per day for each day that the plaintiff's real estate broker's license has been withheld, to order that the defendants not be paid compensation by the Commonwealth, and to order other relief.

The defendants have filed motions to dismiss the complaint and briefs in support.  The plaintiff filed briefs in opposition.  The executive branch defendants filed a reply brief and the plaintiff filed a sur reply brief.

The General Assembly (legislative) defendants argue that the complaint fails to state a claim upon which relief can be granted because no conduct or personal involvement on the part of any named defendant is alleged and, secondly, on the basis of legislative and state sovereign immunity.  The executive branch defendants argue that the complaint should be dismissed as to them on the basis that the complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure, on the basis that the complaint does not allege personal

involvement on the part of any defendant in conduct that was in violation of a federally protected right of the plaintiff, on the basis that the complaint does not state a claim of a violation of the Fifth and Fourteenth rights of the plaintiff, on the basis that the plaintiff's claims are in part barred by the statute of limitations and on the basis that because the plaintiff is pursuing a state court cause of action advancing the same claims as in this federal action, the federal court should abstain.

**Rule 12(b)(6) Standard**.

A motion to dismiss a complaint for failure to state a claim upon which relief can be granted brought pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint.  In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state

4

a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly, supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* But "a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011). Rule 8(a)(2) "requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.* The factual detail necessary to satisfy the standard will vary depending on the case. *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

The plaintiff's claims are 42 U.S.C. § 1983 claims of violations of federally protected rights, jurisdiction for which is under 28 U.S.C. § 1331, and of a violation of a state statute, 15 Pa. C.S. § 401.  A state law claim may in some circumstances be considered by the federal court by the exercise of supplemental jurisdiction.

42 U.S.C. § 1983 provides that a state actor acting under color of state law who subjects a person to violation of that person's federally protected rights is liable to the person for injuries caused by the state actor.

**Personal Involvement, Supervisory Liability
and *Respondeat Superior*.**

"Liability may not be imposed under § 1983 on the principle of *respondeat superior.*" *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995).  "Liability based on *respondeat superior* arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm." *Santiago v. Warminster Twp.,* 629 F.3d 121, 128 (3d Cir. 2010)(quoting *Monell v. Dep't of Soc. Services of New York,* 436 U.S. 658, 692 (1978)).  "Because vicarious liability is inapplicable to

6

*Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009).

There are two viable theories of supervisory liability. *Santiago*, *supra,* 129 F.3d at 129 n.5. Under the first theory, a supervisor can be liable if he or she established and maintained a policy, practice or custom which directly caused the constitutional harm. *Id.* Under the second theory, a supervisor can be liable if he or she participated in violating the plaintiff's rights, directed others to violate the plaintiff's rights or as the person in charge had knowledge of and acquiesced in his or her subordinates' violations of the plaintiff's rights. *Id.*

An allegation that what happened was ordered by the supervisor is a conclusory allegation that is not entitled to an assumption of truth. *Santiago v. Warminster Twp.,* 629 F.3d 121, 133 (3d Cir. 2010).

**Discussion**.

The complaint does not comply with the basic requirement of Rule 8.  The complaint alleges that each defendant "is relevant to this litigation", and no further personal involvement on the part of any defendant is alleged.  It lacks any statement of any alleged conduct on the part of any defendant.  It is framed as though because the Pennsylvania legislature has passed statutes involving real estate broker licensure, because the Department of State executes the laws and processes of real estate broker licensing and because the plaintiff has encountered difficulty in obtaining and maintaining a real estate broker's license, every member of the General Assembly and every officer of the executive branch agency responsible for administering real estate broker's licensing is liable to the plaintiff.

The complaint does not present a sufficiently plain statement of what occurred as to the plaintiff's real estate broker's license to give rise to any inference that he was denied due process or that his due process rights were violated.  Parts of his allegations give rise to a contrary inference, that he did not exercise ordinary care in taking the routine steps to keep his real estate broker's license.  *See,*

*e.g.,* ¶¶ 25-26.  "On 01 January 1992 the defendant were grossly negligent in that they failed to advise the plaintiff that his license renewal was due. . . [and]. . . as to the cost of renewal. . . ."  A person involved in a licensed occupation exercising ordinary care knows when a professional license is due for renewal and can learn the cost of renewal.

The plaintiff's complaint is so lacking in any showing that any defendant acting under color of state law deprived the plaintiff of a federally protected right that, unless the deficiencies can be corrected in an amended complaint, the complaint should be dismissed pursuant to Rule 12(b)(6).

We will recommend that the motions of all defendants to dismiss the complaint be granted.

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008).  The court "must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend." *Id.*

9

We can not say with certainty that amendment would be inequitable or futile in this case.[1]  The plaintiff should be granted leave to file an amended complaint.  He should be instructed that an amended complaint shall be complete in all respects and shall state with reasonably specificity the action(s) or conduct of each named defendant that violated a constitutional right of the plaintiff.  It shall contain all of the plaintiff's claims against all of the defendants.  It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaints already filed.  It shall not incorporate by reference any of the previous complaints.  It shall be titled as an amended complaint and shall contain the docket number of this case.

For the foregoing reasons, it is recommended that the defendants' motions to dismiss the complaint be granted and

---

1. However, the plaintiff's claims against legislators are rather plainly barred by legislative immunity, as the legislative defendants do explain and support by citations in their brief. Accordingly it would almost certainly be futile for the plaintiff to plead claims against these defendants.  Also, claims of the plaintiff that arise from events before January 24, 2010 are rather clearly barred by the applicable statute of limitations and any reiteration in an amended complaint would be futile.

that the plaintiff be granted leave to file an amended complaint.

                                            ***/s/ J. Andrew Smyser***
                                            J. Andrew Smyser
                                            Magistrate Judge

Dated:  June 4, 2012.