# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD J. BARR, | : |
|     Plaintiff | :     CIVIL ACTION NO. 3:12-0132 |
|     v. | : |
| ALEXIS L. BARBIERI, et al., | :     (JUDGE MANNION[1]) |
|     Defendants | : |

## M E M O R A N D U M

Pending before the court is the report and recommendation of Magistrate Judge J. Andrew Smyser, (Doc. No. 23), which recommends that the defendants' motions to dismiss the plaintiff's complaint, (Doc. No. 11, Doc. No. 13), be granted and that the plaintiff be given leave to file an amended complaint. Based upon the court's review of the record, the report will be adopted in part and not adopted in part.

## I. PROCEDURAL HISTORY

By way of relevant background, the plaintiff filed the instant action on January 24, 2012, against fifty (50) Pennsylvania executive and legislative branch officials. (Doc. No. 1). In his complaint, the plaintiff alleges that he obtained a real estate broker's license in 1980 and that, through gross negligence and incompetence on the part of Pennsylvania Department of State employees, the license was not renewed when the plaintiff sought to

---

[1]The instant action was originally assigned to the Honorable A. Richard Caputo. By verbal order, on January 4, 2013, the matter was reassigned.

have it renewed.

The plaintiff seeks various forms of relief, including that the court order the defendants to pay him compensatory and punitive damages; order the defendants to issue him a real estate broker's license; order each defendant to pay him $100.00 per day for each day that his license was withheld; and order that the defendants not be paid compensation by the Commonwealth.

On April 2, 2012, the legislative defendants (also referred to as the "General Assembly defendants") filed a motion to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted, (Doc. No. 11), along with a brief in support thereof, (Doc. No. 12). On the same day, the executive defendants also filed a motion to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted, (Doc. No. 13), along with a brief in support thereof, (Doc. No. 14). The plaintiff filed briefs opposing the defendants' motions to dismiss on April 18, 2012. (Doc. No. 19, Doc. No. 20). On May 4, 2012, the executive defendants filed a reply brief, (Doc. No. 21), to which the plaintiff filed a sur-reply on May 11, 2012, (Doc. No. 22).

On June 4, 2012, Judge Smyser issued his report recommending that the defendants' motions to dismiss the plaintiff's complaint be granted and the plaintiff be granted leave to file an amended complaint. (Doc. No 23). The legislative defendants filed objections to the report on June 18, 2012, (Doc. No. 24), along with a brief in support thereof, (Doc. No. 25), challenging only the court's decision to allow the plaintiff to file an amended complaint with

respect to them. The plaintiff filed a "response" to the report on June 19, 2012[2]. (Doc. No. 26). The executive defendants have not objected to the report.

## II.  STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)

---

[2]The plaintiff's "response" is not objections to the report, *per se*, but more of an explanation as to why he did not attempt to allege personal involvement by the defendants in his complaint. Otherwise, the plaintiff indicated that "[he] is amenable to filing an amended complaint."

3

(explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

### III. DISCUSSION

With respect to the report currently pending before the court, no party objects to Judge Smyser's recommendation that the defendants' motions to dismiss be granted on the basis that the plaintiff failed to adequately allege personal involvement on behalf of any of the fifty individual defendants named in the complaint[3]. The court has reviewed that determination by Judge Smyser and finds no clear error. Therefore, Judge Smyser's report will be adopted to the extent that it is recommended that the defendants' motions to dismiss the plaintiff's complaint be granted.

The only substantive objection to Judge Smyser's report is to his recommendation that the plaintiff be allowed to amend his complaint. To this

---

[3]As noted above, the plaintiff filed a "response" to Judge Smyser's report indicating that he did not include specific allegations of personal involvement on behalf of each individual defendant because he was limited to thirty pages in filing his claims. To this extent, the plaintiff relies on the Federal Rules of Appellate Procedure which are inapplicable in this action. Otherwise, the plaintiff has not objected to the recommendation that his complaint be dismissed for failure to allege personal involvement. (Doc. No. 26).

4

extent, the legislative defendants argue that any amendment by the plaintiff with respect to them would be futile. The court agrees.

Judge Smyser correctly found that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." [Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008)](). In his report, Judge Smyser found that he "[could] not say with certainty that amendment would be inequitable or futile in this case." In doing so, however, Judge Smyser noted the following:

> However, the plaintiff's claims against legislators are rather plainly barred by legislative immunity, as the legislative defendants do explain and support by citations in their brief. Accordingly it would almost certainly be futile for the plaintiff to plead claims against these defendants. Also, claims of the plaintiff that arise from events before January 24, 2010 are rather clearly barred by the applicable statute of limitations and any reiteration in an amended complaint would be futile.

(Doc. No. 23, n. 2).

In fact, upon review of the legislative defendants' briefs in support of their motion to dismiss and in support of their objections, they have substantiated their position that any claims against them would be barred by legislative immunity. The court finds, therefore, that any attempt by the plaintiff to amend his complaint with respect to these defendants would be futile. As such, the court declines to adopt the report of Judge Smyser to the extent that he recommends that the plaintiff be allowed to file an amended complaint with respect to the legislative defendants.

5

With respect to the remaining executive defendants, as noted by Judge Smyser, any claims which the plaintiff alleges for events which occurred prior to January 24, 2010, would be barred by the applicable statute of limitations. To this extent, §1983 creates no substantive rights, but rather allows a plaintiff to vindicate violations of rights created by the United States Constitution or federal law. Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979); Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). Claims under §1983 are generally subject to a state's statute of limitations on personal injuries.[4] City of Rancho Palos Verdes, California v. Abrams, 544 U.S. 113, 123 n.5 (2005) (citing Wilson v. Garcia, 471 U.S. 261, 275, 276 (1985)); Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003). In Pennsylvania, the statute of limitations on bringing a personal injury cause of action is two years. 42 Pa. Cons. Stat. Ann. §5524(7) (West 2006); Garvin, 354 F.3d at 220. Therefore, any claims filed by the plaintiff which allege events more than two years prior to the filing of his complaint on January 24, 2012, would be barred by the applicable statute of limitations and the plaintiff will also not be permitted to amend with respect to those claims.

---

[4]There is also "a 4-year, catchall limitations period applicable to 'civil action[s] arising under an Act of Congress enacted after 'December 1, 1990." Abrams, 544 U.S. at 123 n.5 (quoting 28 U.S.C. § 1658(a)). The Supreme Court has "held that this 4-year limitations period applies to all claims 'made possible by a post-1990 [congressional] enactment.'" Id. (quoting Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004)). Because the instant suit arises under the U.S. Constitution, the congressional statute of limitations does not apply.

Considering the statute of limitations, the plaintiff's complaint is narrowed to those claims set forth in Counts Thirteen through Sixteen. Initially, Count Thirteen alleges a violation of "PA ACT 15, §401 (2010)," which is presumably Pennsylvania's Real Estate Licensing and Registration Act, ("RELRA"), 63 P.S. §455.401, which authorizes the Pennsylvania Real Estate Commission, part of the Pennsylvania Department of State, to issue licenses to practice in the profession of real estate. The plaintiff previously filed a mandamus action in the Pennsylvania state courts in which he claimed that he had been forced to close his business in order to comply with the RELRA because his brokerage license had been withheld and he sought to compel the Department of State, Bureau of Professional and Occupational Affairs to reissue his license. See Barr v. Pa. Dep't of State, 803 A.2d 243 (Pa. Cmwlth. 2002). That action was ultimately dismissed. Barr v. Pa. Dep't of State, 816 A.2d 1270 (Table) (Pa. Cmwlth. 2003), *aff'd by* 832 A.2d 417 (Pa. 2003). Here, the RELRA does not create a private cause of action such that the plaintiff can proceed on this claim. See Marra v. Burgdorf Realtors, Inc., 726 F.Supp. 1000 (E.D.Pa. 1989) (holding that RELRA "merely grants the State Real Estate Commission the authority to investigate complaints, hold hearings, and impose penalties. It does not set out the basis for private relief; instead, it provides for citizen complaints to the State Real Estate Commission."); See also Buffalo Assoc., Inc. v. Holloway, 2005 WL 6216523 (Pa.Com.Pl.) (same). As such, the plaintiff's complaint will be dismissed with respect to Count Thirteen without leave to amend as the court finds any

amendment would be futile.

Count Fourteen alleges a Fifth Amendment violation on June 1, 2010, which is grounded upon the defendants' "administrative miss-management (sic) and gross negligence" in failing to re-issue the plaintiff's license in a timely manner and failure to advise the plaintiff as to the reasons why the license was not renewed. Here, negligence is an insufficient basis upon which to assert an action under §1983. See Reitz v. County of Bucks, 125 F.3d 139, 148 (3d Cir. 1997). Therefore, Count Fourteen of the plaintiff's complaint will be dismissed and the plaintiff will not be permitted to amend as to this claim as any amendment would be futile.

Count Fifteen alleges a Fourteenth Amendment due process claim that the defendants improperly withheld his real estate broker's license and failed to offer him due process. As to this claim, a §1983 action based on a procedural due process violation is "dependent upon the denial of a constitutionally protected property or liberty interest." Piecknick v. Pa., 36 F.3d 1250, 1256 (3d Cir. 1994) (citations omitted). In order to have a property interest in a benefit protected by due process, a person "must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Id. at 1256 (quoting Bd. of Regents v. Roth, 408 U.S. 564 (1972)). The source of such property interests comes from state law as opposed to the Constitution. See id. at 1256. As such, a property interest exists only if it arises "from either statute, regulation, government policy, or a mutually explicit understanding . . ." Swinehart v. McAndrews, 221 F.Supp.2d

552, 557-58 (E.D.Pa. 2002), aff'd, 69 Fed. Appx. 60 (3d Cir. 2003).

Where an individual has obtained a professional license or has fulfilled all prerequisites upon which a license is automatically conferred in accordance with a statute or regulation, he may have a property interest in that license. See, e.g., Herz v. Degnan, 648 F.2d 201, 208 (3d Cir. 1981); Hayes v. Reed, 1997 WL 700499, at *5 (E.D.Pa.). However, one who has simply applied for a license or benefit who has not actually met the necessary qualifications does not have a property interest in said license. See Martin v. Pa. State Real Estate Comm'n, 1985 WL 2783, at *2 (E.D.Pa.). Moreover, where there is discretion in the decision to grant or deny the benefit, an applicant may not have a property interest. See Anderson v. City of Phila., 845 F.2d 1216, 1221 (3d Cir. 1988).

With respect to the instant action, it cannot be said that amendment of the plaintiff's due process claim in Count Fifteen would be futile at this stage. As such, the plaintiff will be allowed to amend his complaint as to Count Fifteen. In amending his due process claim, the plaintiff is advised that he must allege personal involvement on behalf of those individuals whom he wishes to name as defendants. Moreover, his pleadings must comply with the standards set forth by Judge Smyser in his report and recommendation. Further, the plaintiff's amended pleading must be complete in and of itself without reference to any other filings.

Finally, Count Sixteen attempts to set forth a substantive §1983 claim. As indicated above, this is not permitted. As such, the plaintiff's complaint will

be dismissed with respect to this claim and the plaintiff will not be permitted to amend his complaint with respect to Count Sixteen as any such amendment would be futile.

## IV.  CONCLUSION

On the basis of the foregoing, the objections of the legislative defendants will be sustained. The report of Judge Smyser will be adopted with respect to the recommendation that the defendants' motions to dismiss be granted. With the exception of the plaintiff's due process claim in Count Fifteen of his complaint, the report will be declined to the extent that it is recommended that the plaintiff be allowed to file an amended complaint.

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  May 29, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-0132-01.wpd