# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD J. BARR,** : | **CIVIL ACTION NO. 3:12-0132** |
| **Plaintiff** : | |
| v. : | |
| | **(JUDGE MANNION)** |
| **ALEXIS L. BARBIERI, et al.,** : | |
| **Defendants** : | |

# M E M O R A N D U M

Pending before the court is a report and recommendation filed by Magistrate Judge Susan E. Schwab on December 20, 2013, to which no objections have been filed. (Doc. No. 39). In her report, Judge Schwab recommends that the defendants' motion to dismiss the plaintiff's amended complaint, (Doc. No. 32), be granted and that the case be closed. Upon review, the court will adopt Judge Schwab's report.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the

magistrate judge. [28 U.S.C. §636(b)(1)](); Local Rule 72.31.

As indicated in Judge Schwab's report, the plaintiff originally filed the instant action on January 24, 2012, in which he named fifty executive and legislative branch officials alleging that, on several occasions dating back to the early 1980's, his real estate license was not timely renewed due to the negligence and incompetence of the defendants. Motions to dismiss the plaintiff's original complaint were filed and, by order dated May 29, 2013, the undersigned granted the defendants' motions. The plaintiff was, however, granted leave to file an amended complaint only as to his claim that the defendants improperly withheld his real estate broker's license and failed to offer him due process. The plaintiff was advised by the court that, in filing his amended complaint, he must allege personal involvement on behalf of each named defendant.

On June 19, 2013, the plaintiff filed his amended complaint[1]. In his amended complaint, the plaintiff names eleven individual defendants. He alleges that, in May of 1980, he obtained a real estate broker's license and that the defendants had a duty thereafter to forward to him notice of when it was time to renew his license and the cost for doing so. The plaintiff alleges that the defendants failed to do so. Specifically, he alleges that he lives in a

---

[1] As noted by Judge Schwab, the document filed by the plaintiff was not titled as an amended complaint. However, the document was filed as an amended complaint and the parties have treated it as such.

2

rural area and, although he repeatedly requested the defendants to change the format of his mailing address to one which the United States Postal Service would accept, the defendants failed to do so. As a result, the plaintiff alleges that notices regarding the renewal of his license were returned to the sender. The plaintiff further alleges that the defendants refused to renew his license due to inadequate record keeping and that they did so without providing him with due process. The plaintiff alleges that the defendants' actions resulted in his having to pay substantial fines to renew his license.

In reviewing the defendants' motion to dismiss the plaintiff's amended complaint, Judge Schwab determined that the plaintiff's amended complaint failed to state a claim. Specifically, despite this court's prior advisement, Judge Schwab found that the plaintiff failed to allege facts in his amended complaint from which it can reasonably be inferred that the named defendants were personally involved in the failure to provide him with notice that it was time to renew his license, the cost for doing so, or the failure to renew his license. Although the plaintiff named the defendants in the caption of the amended complaint and listed where each was employed, Judge Schwab determined that the plaintiff made no specific allegations regarding any specific defendant. In addition to his failure to allege personal involvement on behalf of any defendant, Judge Schwab determined that the plaintiff's due process claim was based upon the alleged negligence of the defendants, which cannot form the basis of a constitutional due process claim. As a result,

Judge Schwab recommends that the defendants' motion to dismiss the plaintiff's amended complaint be granted.

Finally, because the plaintiff had already been given leave to amend his complaint and failed to adequately do so, Judge Schwab recommends that the plaintiff's amended complaint be dismissed without further leave to amend.

The court has reviewed each of the recommended bases for dismissal of the plaintiff's amended complaint. Because the court agrees with the sound reasoning that led Judge Schwab to the conclusions in her report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 14, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2012 MEMORANDA\12-0132-02.wpd